**Helene B. RATNER, Plaintiff,**

v.

**LUCISANO BROTHERS and Jay—Cee, Inc., Defendants,**

**and**

**Windsor Carpet Company, County of Bucks and Singer/Ohio Chair Company, Third-Party Defendants.**

Civ. A. No. 80–1826.

United States District Court, E. D. Pennsylvania.

Jan. 8, 1981.

Richard S. March, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for plaintiff.

Gordon G. Erdenberger, Power, Bowen & Valimont, Doylestown, Pa., for defendants.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Helene Ratner, filed the complaint in this action on May 13, 1980. She alleges that on June 1, 1978, while working as the court clerk administrator at

the District Justice Building in Tullytown, Bucks County, Pennsylvania, she was injured as a result of the negligent installation of carpeting by the defendants in said building when the chair in which she was seated became caught in bulges in the carpeting. The plaintiff claims that subject matter jurisdiction exists by virtue of diversity of citizenship. She alleges that on May 13, 1980, the day the complaint was filed, she was a citizen of New Jersey and that both of the defendant corporations are incorporated in Pennsylvania and have their principal places of business in Pennsylvania. The defendants admit that they are citizens of Pennsylvania but claim that the plaintiff was not a citizen of New Jersey on May 13, 1980. The Court held a hearing on January 5, 1981 for the sole purpose of determining whether there was diversity between the plaintiff and defendants on May 13, 1980. For the reasons hereinafter set forth, we conclude that the plaintiff did not carry her burden of proving that she was a citizen of New Jersey on May 13, 1980, the date on which the complaint was filed. Accordingly, the Court will enter an order dismissing the plaintiff's complaint for lack of diversity jurisdiction.

The plaintiff was the only witness who testified at the January 5th hearing. She testified that she is twenty-six (26) years old and was born in Bayonne, New Jersey. Her family moved to Levittown, Pennsylvania when she was a child and they have lived in Levittown for the past twenty-two and one-half (22½) years. The plaintiff lived with her family in Levittown until October 1, 1979, at which time she moved into a townhouse in Langhorne, Pennsylvania with her boyfriend. On April 6, 1980, the plaintiff moved out of the Langhorne townhouse to her grandparents' apartment in Bayonne, New Jersey. She testified that she went to her grandparents' apartment in Bayonne, New Jersey because she had a dispute with her boyfriend with whom she was living, she was disgusted with her parents, and she was depressed.

The plaintiff further testified that she did not work for a year after her accident on June 1, 1978. She stated that she worked part-time in June and July of 1979, and that she had to undergo physical therapy three time per week for the injuries she sustained as a result of her accident on June 1, 1978. These physical therapy treatments were administered in Levittown and Bristol, Pennsylvania. After the plaintiff moved to her grandparents' apartment in Bayonne, she continued receiving treatments in Pennsylvania and continued seeing her doctor in Pennsylvania.

The apartment in which the plaintiff's grandparents live in Bayonne, New Jersey is a one bedroom apartment. The plaintiff testified that she slept on a sofa bed in the living room. She also testified that after she moved in with her grandparents, she looked for employment in the Bayonne, New Jersey area that would "suit her schedule" since she was commuting to Pennsylvania a couple of times per week for therapy treatments. Although the plaintiff had a Pennsylvania driver's license, she obtained a learner's permit for a New Jersey driver's license on April 16, 1980, ten (10) days after she moved to Bayonne, and obtained a New Jersey driver's license on June 5, 1980. The plaintiff, however, did not change the registration of her automobile from Pennsylvania to New Jersey. She did not register to vote in New Jersey.

On June 14, 1980, the plaintiff moved from Bayonne to Ventnor, New Jersey, where she had rented a residence for the summer. She testified that she intended to return to Bayonne at the end of the summer. However, she returned to her parents' home in Levittown, Pennsylvania in August 1980 in order to resume therapy treatments on a daily basis for her back problem. She continues to reside with her parents in Levittown and continues to receive treatment in Pennsylvania.

The plaintiff testified that she voted in the Presidential election in Pennsylvania in November 1980. She has filed two legal actions in the Court of Common Pleas of Bucks County, Pennsylvania in connection with her June 1, 1978 accident. One action was filed in July 1979 and the other action was filed in March 1980.

 The burden is on the plaintiff to prove by a preponderance of the evidence that diversity of citizenship existed on May 13, 1980, the date of the filing of the complaint in this action. *Krasnov v. Dinan*, 465 F.2d 1298 (3d Cir. 1972). In order for the plaintiff to prove that she was a citizen of New Jersey, she must prove that she was domiciled in New Jersey on May 13, 1980. In order to sustain this burden, she must prove by a preponderance of the evidence that she resided in New Jersey and intended to remain there indefinitely. *Krasnov, supra; Coggins v. Carpenter*, 468 F.Supp. 270 (E.D.Pa.1979).

The intention to establish a new domicile is a factual finding, and to find this intention,

> the court must find an actual, not pretended, change of domicile; in other words, the removal must be a real one, *animo manendi*, and not merely ostensible.

*Krasnov, supra*, at 1300. Although where one lives is prima facie evidence of domicile, mere residency in a state is insufficient for purposes of diversity. The fact of residency must be coupled with a finding of intent to remain indefinitely, and

> [i]n determining whether a party has intended to establish a domicile in the state to which he has moved, the factfinder will look to such circumstances as his declarations, exercise of political rights, payment of taxes, house of residence, and place of business.

*Id.* at 1301. Although a person may change domicile solely for the purpose of creating diversity of citizenship, that person must prove an intent to remain in the new domicile indefinitely. *Morris v. Gilmer*, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690 (1889).

1. 25 *Pa.Stat.Ann.* § 2811 provides:
 Every citizen of the Commonwealth eighteen years of age, possessing the following qualifications, shall be entitled to vote at all elections, provided he or she has complied with the provisions of the acts requiring and regulating the registration of electors:
 (1) He or she shall have been a citizen of the United States at least one month.
 (2) He or she shall have resided in the State ninety days immediately preceding the election.

 The evidence at the hearing showed that while the plaintiff resided in Bayonne, New Jersey on May 13, 1980 and for a short time thereafter, she has not carried her burden of proving by a preponderance of the evidence that she changed her domicile from Pennsylvania to New Jersey at the time the complaint was filed. The plaintiff went to her grandparents' apartment in Bayonne in April 1980 because, as she testified, she was having problems with her boyfriend and her parents. She slept on a sofa bed in her grandparents' one bedroom apartment, and she traveled to Pennsylvania to receive her medical treatments during the entire period of her residency in New Jersey, which was from April 6, 1980 to sometime in August 1980, when she moved back to her parents' house in Levittown. She never changed her automobile registration from Pennsylvania to New Jersey. She never registered to vote in New Jersey, but did vote in the Presidential election in Pennsylvania in November 1980.[1] Furthermore, the record shows that the plaintiff never paid taxes in New Jersey and that she did not have employment while she lived with her grandparents in Bayonne. The record does not disclose whether she was employed while she resided in Ventnor, New Jersey.

The Court has evaluated the evidence presented by the plaintiff pursuant to the criteria set forth in *Krasnov, supra*, and finds that the evidence does not show by a preponderance that the plaintiff, on May 13, 1980, was domiciled in New Jersey. The Court further finds on the basis of the testimony presented by the plaintiff that the statements of her intention to change

> (3) He or she shall have resided in the election district where he or she shall offer to vote at least thirty days immediately preceding the election, except that if qualified to vote in an election district prior to removal of residence, he or she may, if a resident of Pennsylvania, vote in the election district from which he or she removed his or her residence within thirty days preceding the election.

her domicile from Pennsylvania to New Jersey are not credible.

Although the statute of limitations on the plaintiff's claims has now expired, she will not be without a forum to prosecute her claims because, as previously stated, she has filed two actions in the Court of Common Pleas of Bucks County, Pennsylvania in connection with her June 1, 1978 accident. An appropriate order dismissing the complaint will therefore be entered.